USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR KING,

        Plaintiff,

-against-

SUCCESS ACADEMY CHARTER SCHOOLS, INC.,

        Defendant.

1:22-cv-3876 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

In an Order dated January 13, 2023, the Court (1) granted the request of Plaintiff's former counsel to withdraw and (2) directed that "that no later than March 13, 2023 Mr. King, or his new counsel, must file a letter informing the Court whether Mr. King has found new counsel, or wishes to proceed *pro se*, or consents to the dismissal of this action without prejudice." [ECF No. 23 (emphasis added).] No response was filed.

Accordingly, on July 12, 2023, the Court entered an Order to Show Cause, directing Plaintiff to file a letter showing cause why this case should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on or before July 20, 2023. The Court warned, in bold-faced text, that "failure to comply with court orders and to prosecute this case might result in dismissal with prejudice." [ECF No. 25.] The Court further explained that, in the event that Plaintiff elected to proceed *pro se*, he had "an obligation to comply with court orders, the Court's Individual Rules, and the Federal Rules of Civil Procedure." [ECF No. 25.] Notwithstanding these warnings, Plaintiff failed to respond to the Order or to otherwise prosecute his action.

On October 2, 2023, the Court entered a **second** Order to Show Cause, this time noting that "Plaintiff has allowed this case to languish for nearly a year. The Court will not permit any further

1

delays." [ECF No. 26.]  The Court instructed Plaintiff to "file a letter showing cause why this case should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" on or before October 16, 2023.  [ECF No. 26.]  The Court warned, again in bold-faced text, that "Plaintiff is on notice that further failure to comply with Orders of this Court may result in sanctions, including dismissal of this action, preclusion of claims or defenses, and/or monetary penalties."  [ECF No. 26.]  Plaintiff again failed to comply with this Court's Order.

On October 17, 2023, this Court issued a **third** Order to Show Cause.  The Court directed Plaintiff to "file a letter showing cause why this case should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" on or before October 27, 2023.  [ECF No. 27.]  The Court warned Plaintiff in bold-faced text "that this action will be dismissed if Plaintiff fails to file a letter on or before October 27, 2023, or if Plaintiff otherwise fails to comply with any Order or Rule of this Court."[1]  [ECF No. 27.]  Again, Plaintiff did not respond.

Federal Rule of Civil Procedure 41(b) empowers district courts to dismiss a case where "the plaintiff fails to prosecute or . . . comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  District courts may dismiss for failure to prosecute *sua sponte*. *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).

The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'"  *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  The Second Circuit applies five factors in determining whether a case was properly dismissed for failure to prosecute: (i) the duration of plaintiff's failure; (ii) whether plaintiff was on notice that failure to comply would result in dismissal; (iii) whether defendants are likely to be prejudiced by further

---

[1] The Court directed Defendants to serve Plaintiff with the Order to Show Cause and to file proof of service on the docket.  Defendants filed proof of service the following day.  [*See* ECF No. 28.]

2

delay; (iv) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (v) whether the court has adequately considered a sanction less drastic than dismissal.  *See, e.g.*, *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).  No one factor is dispositive.  *Id.*

Considering these five factors, the Court finds that dismissal is appropriate in this case.  First, Plaintiff has failed to respond to any Order of this Court or to prosecute his action for nearly one year.  *See Chavis v. City of N.Y.*, No. 17-cv-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, No. 17-cv-9518, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (dismissing action where "the delay in the prosecution" was "solely attributable to plaintiff" and "persisted for four months").  Second, Plaintiff was warned on three separate occasions that further delays may result in dismissal.  [ECF Nos. 25, 25, 27.]  Third, a federal action has been pending against Defendants for nearly one and a half years, and they are entitled to resolution.  Fourth, the Court's interest in efficiently managing its docket outweighs Plaintiff's interest in a chance to be heard.  Indeed, Plaintiff showed no interest in being heard since he has ignored the Court's numerous warnings and admonitions and has entirely failed to prosecute this action since at least January 2023.  *See Davison v. Grillo*, No. 05-cv-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("[I]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.").  Finally, the Court has no reason to believe that any lesser sanction would alter Plaintiff's behavior, particularly given the Court's *repeated* warnings that failure to prosecute this case would result in dismissal of the action.  *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case." (quotation marks omitted)).

Accordingly, this case is DISMISSED for failure to prosecute. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **October 30, 2023**
       **New York, NY**

                                                **MARY KAY VYSKOCIL**
                                                **United States District Judge**